### No. 411

COLEMAN et v. HERTZMAN, Rec. et.

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 757.   Decided Feb. 10, 1927

475.   ESTOPPEL — Where subcontractor makes statement to owners, of amount owing for construction of buildings, and where owners depending thereon, obtain loan to cover stated amount and discover that subcontractor is entitled to more, subcontractor not estopped from claiming such additional amount when it acted in good faith and gave the original figure to the owners upon strength of a check which had been given them by finance company but which was later dishonored.

758.   MECHANICS' LIENS—Where items are furnished by subcontractor, in good faith and not merely to lay the foundation for a mechanics' lien which would otherwise have been barred by the lapse of time, the lien, having been verified and properly filed, the subcontractor has a prima facie case on the validity of its lien.

#### First Publication of this Opinion

BY THE COURT.

This action, in this Court on appeal, involves the validity of the lien of the Peter Kuntz Lumber Co. for material furnished in the construction of several houses and the amount due upon such lien as against the owners.

J. and G. L. Coleman were the owners and had let the principal contract for the construction of said houses to the General Engineering & Finance Co. The buildings were constructed and the Kuntz Co. filed its lien May 19, 1922. On March 24, 1922 the Kuntz Co. delivered to each of the seven houses a small board used for shelving and certain moulding. The amount chargeable to each house on this item was forty cents. This item was taken as the last item for the purpose of filing the lien. The owners claimed that this item was furnished only for the purpose of extending the time of filing the mechanics' lien. The Court of Appeals held:

1. One Thompson, on behalf of the principal contractor, gave a written order for the furnishing of these items and he testified that they were necessary to the completion of the buildings and were actually used on the buildings.

2. Under the circumstances, these items were furnished in good faith and not merely to lay the foundation of mechanics' liens which would otherwise have been barred by lapse of time.

3. The items being genuine and the lien having been verified and filed within the proper time, the Lumber Co. has a prima facie case on the validity of its lien, which case the Colemans seek to avoid by the claim that the Lumber Co. represented to them that the amount due the Lumber Co. was $7700, upon which representation the Colemans secured a loan of $9000 for the Finance Co. which is claimed they would not have obtained except for this representation; that $6000 was paid to the Lumber Co. and it was discovered that the amount due the Lumber Co. was $3000 more than that represented and that therefore the Lumber Co. is estopped by their representation to Coleman and cannot recover more than the amount stated.

4. The statement of the Lumber Co. that $7700 was the amount due was correct as disclosed by their books at the time, for a few days prior the Finance Co. had given a check to the Lumber Co. for $4000, $3000 of which was credited upon the buildings and it seems that the check was dishonored a short time thereafter and the amount thereof was recharged to the account.

5. Colemans claim that without regard to any question of fraud on part of the Lumber Co.'s statement, they were entitled to act upon said statement and the Lumber Co\ should have disclosed the existence of the check and followed this up with prompt notice of the dishonor.

6. The burden was upon Colemans to advise the Lumber Co. that they were acting upon the information given by it, in making the loan to the Finance Co. The Lumber Co. acted in good faith and it would be unjust to prevent it from collection of their true claim upon estoppel. Colemans have not made out a superior equity by the weight of the evidence.

Decree therefore for Kuntz Lumber Co.

(Ferneding, Kunkle & Allread, JJ., concur.)

Attorneys—D. B. Van Pelt and Charles W. Dale for Coleman; W. S. Rhotehamel for Receiver; all of Dayton.