**PRICE BROTHERS COMPANY, a Corporation, Plaintiff-Appellee, v. P. B. HARRIS REALTY COMPANY et, Defendants-Appellants.**

Ohio Appeals, Second District, Montgomery County.

No. 2190. Decided April 28, 1953.

Harshman, Young, Colvin and Alexander, Dayton, Maxwell H. Stamper and Joseph H. Colvin, of Counsel, for The Price Brothers Company.

Froug & Froug, Dayton, Morris H. Simmons, Dayton, for defendant-appellant, P. B. Harris Realty Company.

### OPINION

By THE COURT:

This is a law and fact appeal from the judgment of the Common Pleas Court. The petition sets forth two causes of action in which the plaintiff seeks (1) the balance due on an account to Miller and Farmer, co-defendants, in the sum of $1145.94, the same being the balance due for certain building materials. (2) Foreclosure of mechanic's lien on the appellant's property. A default judgment was entered on the first cause of action in the amount claimed against Miller and Farmer, defendants, and from which no appeal has been prosecuted.

The second cause came on for hearing after which the Court found the plaintiff's lien was valid in the amount prayed for and decreed that the same be foreclosed.

By stipulation the case is submitted on the record made in the trial court plus the additional testimony of James Miller before a master commissioner appointed by this Court.

The record reveals that in the early part of 1948 the defendants, James Miller and Arthur Farmer, a partnership, entered into a contract with The P. B. Harris Realty Company, defendant, to construct a certain building for the sum of $45,000.00; that the plaintiff, with the knowledge and consent of the defendant, furnished brick and cement block for the construction of said building upon the order of Miller and Farmer; that between March 31 and May 22 the brick work was performed and the material was furnished for which there is a balance of $1141.18 due; that on August 24 the plaintiff delivered 27 concrete blocks on the job, the same having been ordered by Miller, receipted for by Farmer, and priced at $4.76. The appellant is urging that the building was completed prior to August 24, when this last delivery was made and that this material was for extras, that the time for filing of lien for materials furnished prior to May 22 began to run on that date and not on August 24. We are in agreement with the finding of the trial court that the building was not completed on August 24.

We further find that the last material was used in the construction of the building and that the same was delivered by the plaintiff in good faith on its part; that there was no collusion between the plaintiff and Miller and Farmer to extend the lien filing date by ordering unnecessary material on the job. Therefore the lien filed on October 15 was filed within the time fixed by §8314 GC. This court held, in **Coleman et v. Hertzman, 5 Abs 355**, that where items are furnished by a subcontractor, in good faith and not merely to lay the foundation for a mechanic's lien which would otherwise have been barred by lapse of time, the lien, having been verified and properly filed, the subcontractor has a prima facie case on the validity of its lien.

In **Walter v. Brothers et 42 Oh St 15**, the first syllabus provides:

"1. Test of right to lien where work done is relied on to extend time for filing is whether work was necessary part of contract performed in good faith and not merely to extend time."

The defendant is also contending that the plaintiff is estopped from asserting its lien for the reason that the plaintiff failed to render a statement showing the balance due on the Miller and Farmer account upon the request being made for the same. There appears to be a conflict in the testimony on this question, and we find that the defendant did not establish that a demand was made by the proper degree of proof.

We have examined the conclusions of law and fact filed by the trial court, also its well considered opinion, and are in full agreement with the same. Our judgment will, therefore, be the same as that of the trial court.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.